IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GENERAL MARITIME AGENCY, INC.** § § **Plaintiff,** § § V. § § **M/V VENTA, her engines,** § **boilers, tackle, furniture, apparel,** § **appurtenances, etc.,** *in rem* **and** § **LITHUANIAN SHIPPING COMPANY,** § **LTD.,** *in personam* § § **Defendants.** § | C.A. No. _____ IN ADMIRALTY, Rule 9(h) |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

Plaintiff, General Maritime Agency, Inc. ("Plaintiff" or "GenMar"), by its attorneys Chaffe McCall, L.L.P., as and for its Verified Original Complaint against the M/V VENTA, *in rem*, and Lithuanian Shipping Company, Ltd., *in personam*, alleges as follows upon information and belief:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the meaning of Rules C and B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of the State of Texas, with its principal place of business located at 11731 Jones Road, Suite 100, Houston, Texas 77070.

3. At all material times, Defendant M/V VENTA (the "Vessel") was and is an ocean-going general cargo ship (IMO No. 9074729), owned by Defendant Lithuanian Shipping

2456715-1

Company, Ltd. ("LISCO"). Upon information and belief, LISCO was and is a foreign business entity with a principal place of business at 3 Malunininku Street, LT-92264, Klaipeda, Lithuania.

## VENUE & JURISDICTION

4. The Court has *in rem* jurisdiction over the Vessel because the Vessel is now or will be during the pendency of this action within this District.

5. The Court's jurisdiction is also founded on the presence with the District of property of LISCO that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

6. The Court has subject matter over this action pursuant to 28 U.S.C. § 1333.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

8. GenMar is a full-service port agency that provides marine services, both directly and through other vendors.

9. From late-March 2014 through early-April 2014, at the request of LISCO and/or other representative(s) authorized to bind the Vessel, GenMar provided various marine services, either directly or through other vendors, for the benefit of the Vessel and/or LISCO in relation to the Vessel's call at the Port of Port Arthur, Texas (the "Marine Services"). Copies of the relevant invoice materials are attached hereto as Exhibit A and are fully incorporated by reference.[1]

10. GenMar issued its invoice dated June 18, 2014, in respect of the Marine Services.[2] After applying an advance in the amount of $28,682.34, the remaining principal amount owed to

---

[1] *See also* Statement of Facts, attached hereto as Exhibit B and fully incorporated by reference.
[2] *See* Exhibit A.

GenMar totaled $17,768.86, which is reflected in the June 18, 2014 statement issued by GenMar.[3]

11.     As of the date of filing this Complaint, no part of the outstanding amount due has been paid although duly demanded.

12.     The non-payment for the Marine Services constitutes a breach of the terms by which GenMar furnished the Marine Services to the Vessel and/or LISCO.

13.     By virtue of GenMar's furnishing of "necessaries" to the Vessel within the meaning of the Federal Maritime Lien Act, 46 U.S.C. § 31342 *et seq.*, GenMar has a maritime lien against the Vessel for the full amount of its claim. Thus, under the Federal Maritime Law and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff is entitled to arrest the Vessel to enforce its maritime lien.

14.     Additionally, GenMar is informed and believes that none of the officers of LISCO are now within the District, that LISCO does not maintain an office within the District, that LISCO is not incorporated or registered to do business in the State of Texas, that LISCO has no agent for receipt of process in Texas, and that LISCO cannot be found within the District for the purposes of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.[4] GenMar is also informed and believes that LISCO does now or will during the pendency of this action have certain goods and chattels, or credits and effects within the District. Specifically, GenMar is informed and believes that LISCO's assets within the District consist of the Vessel. The Vessel may be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and sold to satisfy the claims herein. GenMar is not seeking the attachment for the purpose of injuring or harassing LISCO, and GenMar will be prejudiced in its

---

[3] A copy of the statement is attached hereto as Exhibit C and fully incorporated by reference.
[4] *See* Exhibit D.

recovery against LISCO absent process of maritime attachment. Accordingly, GenMar seeks an order from this Court directing the Clerk of Court to issue a Process of Maritime Attachment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching *inter alia*, not only the Vessel, but also any other assets belonging to LISCO which may be found in the District for the purposes of obtaining personal jurisdiction over LISCO as well as to secure GenMar's claims.

15. All conditions precedent have been satisfied and/or discharged.

16. Plaintiff agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the Vessel.

17. All and singular, the premises of this Verified Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, Plaintiff prays:

a. That Plaintiff have judgment hereon in the amount of $17,768.86, representing the total principal owed, together with interest to the date of judgment, any other liquidated damages potentially available, attorney's fees, and costs;

b. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/V VENTA, her engines, boilers, tackle, etc., placing the Vessel under the arrest, custody, and control of the United States Marshal of this District;

c. That process in due form of law in accordance with Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and in the form of a Process of

Maritime Attachment be issues and levied against all property of LISCO within the District up to the amount of $17,768.86, representing the total principal owed, together with interest to the date of judgment, any other liquidated damages potentially available, attorney's fees, and costs;

d. That process in due form of law issue against LISCO, citing it to appear and answer under oath the matters alleged in this Verified Original Complaint, and that judgment in favor of Plaintiff be entered against LISCO in the amount of $17,768.86, representing the total principal owed, together with interest to the date of judgment, any other liquidated damages potentially available, attorney's fees, and costs;

e. That the Defendant M/V VENTA, her engines, tackle, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorney's fees, costs, and *custodia legis* costs due Plaintiff as alleged herein; and

f. That Plaintiff may have such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Dimitri P. Georgantas*
Dimitri P. Georgantas
Attorney-in-Charge
Texas State Bar No. 07805100
Federal I.D. No. 2805
Eugene W. Barr
Texas State Bar No. 24059425
Federal I.D. No. 1144784
801 Travis Street, Suite 1910
Houston, Texas 77002
(713) 546-9800 Telephone
(713) 546-9806 Facsimile

                                              ATTORNEYS FOR PLAINTIFF
                                              GENERAL MARITIME AGENCY, INC.

OF COUNSEL:
CHAFFE McCALL, L.L.P.